IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JARRETT GRIMES | § | |
| v. | § | CIVIL ACTION NO. 9:06cv110 |
| ANGELINA COUNTY JAIL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Jarrett Grimes, proceeding *pro se*, filed this civil rights action under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. §636(c).

In his complaint, Grimes says that he has filed several requests to go to the law library, but that he has received no response. He says that he does not have a high profile lawyer, nor the money to obtain one, so he figures that he would learn as much as possible; Grimes says that he feels as though there were mistakes in his criminal case, and that he may "sign for time that could be reduced," but he will never know until it is too late. He adds that if he signs a plea bargain that could have been reduced, his family will suffer too. Grimes asks for three million dollars in damages.

The lawsuit was signed on May 22, 2006. On January 26, 2006, Grimes was appointed an attorney named Gregory Waldron, Assistant Federal Public Defender for the Eastern District of Texas. Waldron represented Grimes until June 8, 2006, after the filing of this lawsuit, when Kenneth Hawk, another public defender, appeared as his counsel. During the entire time encompassed by this lawsuit, therefore, Grimes was represented by counsel.

Legal Standards and Analysis

As a general rule, inmates have a right of access to legal materials, and prison officials cannot deny inmates access to court. Bounds v. Smith, 430 U.S. 817 (1976). However, actual injury must be shown to set out a violation of Bounds. Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986). In Lewis, the Supreme Court provided the following examples of "actual injury" under Bounds:

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 116 S.CT. AT 2180.

The Fifth Circuit has specifically held that inmates who are represented by counsel have no right to go to the law library to work on their own criminal cases. Cruz v. Hauck, 515 F.2d 322, 331 (5th Cir. 1975). In this case, the record shows that Grimes was represented by counsel at the time that he filed his lawsuit, and had been so represented for the past five months. The fact that Grimes evidently did not consider the Public Defenders for the Eastern District of Texas, known by this Court to be able and experienced attorneys, to be sufficiently "high profile" to suit him is of no moment. He did not have a right to go to the law library because his attorney represented his right of access to court, and so his claim is without merit.

Furthermore, Grimes has not shown that he suffered any actual harm as a result of the alleged denial of access to court. He says that he wanted to "learn more" about his criminal case because he might enter a plea bargain with terms that were not entirely favorable to him. Even setting aside the fact that he could have discussed the terms of any offered plea agreement with his attorneys, Grimes has not shown any harm because his scenario is entirely speculative. He has not shown that he was unable to file anything that he wanted to file or that he has otherwise been denied access to court. For this reason, his lawsuit may be dismissed.

Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Grimes' complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted. Consequently, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **August, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE